IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYVANIA

| | |
|---|---|
| ALBERTO ROSADO,<br>Plaintiff | : <br>: DOCKET NO.:<br>: |
| v. | : CIVIL ACTION LAW<br>: |
| PEOPLE4NET, INC. and<br>SAMSUNG DISTRIBUTION<br>CENTER, | :<br>:<br>: |
| | : JURY TRIAL DEMANDED |
| Defendants | : |

## COMPLAINT

NOW COMES, Plaintiff, ALBERTO ROSADO, by and through his counsel, Peggy M. Morcom, Esquire and Morcom Law, LLC, and hereby files this Complaint alleging race and national original and gender discrimination, harassment, hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000(e), et seq., and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and constructive discharge, and avers as follows:

### JURSIDICTION AND VENUE

1. Jurisdiction is appropriate in this Court under 28 U.S.C. §1331 and §1367.

2. Venue is proper because all parties reside or do business in this jurisdiction and all unlawful employment practices complained of occurred in this District.

3. Plaintiff filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on or about December 30, 2019 which was then also dually filed with the Pennsylvania Human Relations Commission and exhausted his administrative remedies.

4. A Right to Sue Letter was issued by the EEOC on February 26, 2021, and the same was received by the Plaintiff on March 3, 2021. See Exhibit A, attached hereto.

## PARTIES

5. Plaintiff, Alberto Rosado, is an adult individual who currently resides in Lebanon, Lebanon County, Pennsylvania.

6. Plaintiff is Latino/Hispanic.

7. Defendant, People4Net, Inc. ("People4Net") is a Pennsylvania corporation with its principal place of business located at 600 Eagleview Boulevard, Suite 300, Exton, Pennsylvania.

8. People4Net, Inc. is a temp agency which hire and places employees in businesses to work throughout the Middle District. People4Net, Inc. hired and placed Plaintiff at the Samsung Distribution Center located in Jonestown, Lebanon County.

9. Samsung Distribution Center ("Samsung") is a Pennsylvania business with a principal place of business located at 50 MSG Drive, Jonestown, Pennsylvania.

10. People4Net and Samsung employ in excess of 100 employees each.

11. People4Net and Samsung are "employers" as that term is defined by Title VII of the Civil Rights Act.

## COUNT I

### Race and National Origin Discrimination – Harassment – Hostile Work Environment

12. Paragraphs 1 through 11 are incorporated by reference as though fully set forth herein.

13. In June 2018, Plaintiff was hired through People4Net to work at Samsung in the capacity of Floor Lead Supervisor. He also held the positions of 2nd Shift Receiving Manager and 1st Shift Maintenance Manager.

14. The responsibilities of the Floor Lead Supervisor included, but were not limited to, ensuring inbound receiving product, supervision of 20-30 employees. Plaintiff held the Floor Lead Supervisor position from approximately June 2018 through September 2018.

15. The responsibilities of the 2nd Shift Manager included, but were not limited to, oversight of personnel for inbound receiving product, supervision of 10-12 employees. Plaintiff held the 2nd Shift Manager position from approximately September 2018 through March 2019.

16. The responsibilities of the 1st Shift Maintenance Manager included, but were not limited to ensuring the operation of all vehicles, safety of employees,

and oversight of personnel. Plaintiff held the position of 1st Shift Maintenance Manager from for several weeks in March 2019.

17. On March 31, 2019, Plaintiff terminated his employment after complaints of discrimination and harassment were not addressed by Defendants.

18. Plaintiff was supervised by Steven Ha (Korean), General Manager ("Ha") in or about January 2019. Ha is Asian/Korean.

19. Approximately 95 of management is Korean at Samsung, including Human Resources.

20. From January 2019 until his termination from employment, Ha repeatedly treated Plaintiff less favorably that individuals outside of his protected class, Latino, and directed ethnic slurs towards Plaintiff. More specifically, Plaintiff avers the following behaviors by Ha:

a. Repeatedly stated, "you come in and walk and talk like a Cholo". The term "Cholo" is considered a derogatory term for a Mexican gangster in the Latino community.

b. Instructed Plaintiff to perform menial general manual labor jobs, such as fixing deteriorated pallets with a hammer and nails, which was not in Plaintiff's job description and was a task for lower-level laborers.

4

c.       As a manager, Plaintiff was provided a blue colored vest with his name stitched on it. Ha took his vest and gave him a regular laborer's vest, which is greed colored, despite Plaintiff's position being management.

d.       Management would speak in Korean, so others could not understand what was being said.

21.   Plaintiff was paid at the rate of $17.00/hour as a 2nd Shift Receiving Manager. Dawn (last name unknown), Caucasian, a 2nd Shift Outbound Manger, a comparable position, was being paid at a higher rate of pay.

22.   Plaintiff complained to Curtis (last name unknown), former General Manager regarding the discrepancy in pay. Curtis confirmed that Dawn was being paid more than Plaintiff, and his pay would be adjusted. No adjustment was made to Plaintiff's pay to correct the discrepancy.

23.   Plaintiff believes and avers that other Managers, who were Caucasian and Korean were being paid more than Plaintiff, despite having similar years of experience and similar work performed.

24.   Plaintiff complained of harassment and discrimination to his supervisors and human resources at Samsung, and no investigation was conducted.

25.   Plaintiff complaint of harassment and discrimination to Jonathan (last name unknown), who was a recruiter at People4Net, but he responded, "there was

nothing that could be done" and "he's (Ha's) the boss." No investigation was conducted by People4Net.

26. The behaviors of Ha were severe, regular, and pervasive, and the behaviors did not stop until Plaintiff terminated his employment on March 31, 2019.

27. Other non-Latino employees were treated more favorably in the workplace.

28. The actions of People4Net, Samsung, and Ha reflect a pattern and practice of discrimination, harassment and hostile work environment.

29. The actions of the Defendants and its employees, as described above were a willful course of conduct, which continued unabated even after Plaintiff's internal complaints to Defendants.

30. As a direct and proximate result of the above-described actions, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

31. As a direct and proximate result of the above-described actions, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, embarrassment, and anxiety.

32. As a direct and proximate result of the above-described conduct, Plaintiff suffered professional injuries including, but not limited to, his professional reputation, professional development, and loss of potential promotions.

## COUNT III

## Gender Discrimination

33. Plaintiff incorporates Paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff was paid at the rate of $17.00/hour as a 2nd Shift Receiving Manager. Dawn (last name unknown), Caucasian, a 2nd Shift Outbound Manger, a comparable position, was being paid at a higher rate of pay.

35. Plaintiff's wages remain constant during his employment, regardless of position or shift.

36. Plaintiff believes and avers that females were receiving wage increases in similar positions as Plaintiff.

37. As a direct and proximate result of the above-described actions, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

38. As a direct and proximate result of the above-described actions, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, embarrassment, and anxiety.

39. As a direct and proximate result of the above-described conduct, Plaintiff suffered professional injuries including, but not limited to, his professional reputation, professional development, and loss of potential promotions.

## COUNT III

### Retaliation

40. Plaintiff incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. Since Plaintiff terminated his employment assignment with Samsung on March 31, 2019, People4Net has not made any future assignments to Plaintiff, despite repeated requests.

42. Plaintiff believes and avers that lack of future non-assignment by People4Net was intentional and a direct result of his complaints of discrimination and harassment in the workplace.

43. As a direct and proximate result of the above-described actions of People4Net, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

44. As a direct and proximate result of the above-described actions of People4Net, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, and anxiety.

45. As a direct and proximate result of the above-described conduct of People4Net, Plaintiff suffered professional injuries including, but not limited to, his professional reputation, professional development, and loss of potential promotions.

## COUNT III

### Violations of the Pennsylvania Human Relations Act (PHRA)

46.     Paragraphs 1 through 45 of the Complaint are incorporated by reference, as though fully set forth herein.

47.     Plaintiff was an "employee" of the People4Net and on assignment and his work was controlled by the policies and procedures at Samsung as that term is defined by the PHRA.

48.     People4Net employs four or more persons within the Commonwealth of Pennsylvania and is an "employer" under the PHRA.

49.     Samsung employs four or more persons within the Commonwealth of Pennsylvania and is an "employer" under the PHRA.

50.     The actions of the Defendants as enumerated above are in violation of the PHRA.

51.     As a direct and proximate result of the above-described actions, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

52.     As a direct and proximate result of the above-described actions, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, and anxiety.

53.     As a direct and proximate result of the above-described conduct, Plaintiff suffered professional injuries including, but not limited to, his professional reputation, professional development and loss of potential promotions.

## COUNT IIV

## Constructive Discharge

54.     Paragraphs 1 through 53 of the Complaint are incorporated by reference, as though fully set forth herein.

55.     Plaintiff complained on numerous occasions to management and Human Resources for Samsung and People4Net regarding discrimination and harassment in the workplace.

56.     No action was taken by People4Net or Samsung relative to his complaints of discrimination and harassment.

57.     The discrimination and harassment continued throughout his employment with Defendants.

58.     On March 31, 2019, Plaintiff believed he had no other choice but to terminate his employment assignment with Samsung as a result of the discriminatory, harassing, and hostile work environment at Samsung, with no correction by Defendants.

59.     Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

60.     Plaintiff suffered professional injuries including, but not limited to, his professional reputation, professional development and loss of potential promotions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Alberto Rosado, respectfully requests this Honorable Court to grant Judgment in their favor and against Defendants for damages in an amount in excess of $75,000.00, plus interest and costs of suit as well as the following:

(a)     Exercise jurisdiction over this matter;

(b)     Order Defendant to reimburse Plaintiff for all salary and benefits lost by him as a result of Defendant's actions, and in an amount in excess of $75,000.00, including but not limited to front pay, back pay, and compensatory damages;

(c)     Award Plaintiff punitive damages;

(d)     Award Plaintiff all costs of this action, including reasonable attorney's fees;

(e)     Grant Plaintiff such other and further relief as this court deems just proper and equitable.

Respectfully submitted,

s/Peggy M. Morcom
Peggy M. Morcom, Esquire
Atty. ID No.: 92463
Morcom Law, LLC
226 W. Chocolate Avenue
Hershey, PA 17033
(717) 298-1907
pmorcom@morcomlaw.com
Counsel for Plaintiff

Date: 5/26/21

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Alberto Rosado<br>1123 Walnut Street<br>Lebanon, PA 17042 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2019-23807 | Legal Technician | (267) 589-9700 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson* — February 26, 2021

Enclosures(s)

Jamie R. Williamson,
District Director

(Date Issued)

**EXHIBIT A**

## **VERIFICATION**

The undersigned hereby verifies that the statements in the foregoing document are based upon information which has been furnished to counsel by me and information which has been gathered by counsel in the preparation of this lawsuit. The language of the foregoing document is that of counsel and not my own. I have read the foregoing document and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, I have relied upon my counsel in making this verification. The undersigned also understands that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Alberto Rosado

Date:

*/s/ Alberto Rosado*

5-24-21